IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CONNIE BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 11-0042-WS-N |
| ) | |
| CROWNE MANAGEMENT, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the defendant's motion to re-tax costs. (Doc. 58). The plaintiff has filed a response and the defendant a reply, (Docs. 60, 62), and the motion is ripe for resolution.

The Court granted the defendant's motion for summary judgment and entered final judgment against her. (Docs. 54, 55). The defendant is plainly the "prevailing party" for purposes of Rule 54(d)(1), and the plaintiff does not contend otherwise.

The costs the defendant seeks to tax are $5,697.95 in deposition expenses and $857.00 in subpoena expenses associated with those depositions. (Doc. 58 Attachment at 1).

Court reporter fees for "stenographic transcripts" that were "necessarily obtained for use in the case" are properly taxable. 28 U.S.C. § 1920(2). "It is not necessary to use a deposition at trial for it to be taxable, but admission into evidence or use during cross-examination tends to show that it was necessarily obtained." *United States Equal Employment Opportunity Commission v. W&O, Inc*., 213 F.3d 600, 621 (11th Cir. 2000). "A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions." *Id*. (internal quotes omitted). "Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [prevailing party] might need the

deposition transcripts to cross-examine the witnesses, ... and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery." *Id*. (internal quotes omitted). Such costs are not taxable if they were not "related to an issue which was present in the case at the time the deposition was taken." *Id*. (internal quotes omitted). A party may even recover the cost of his own deposition if it was reasonably necessary, such as to allow his counsel to confine impeachment to its proper limits. *Id*. at 622.

The defendant seeks recovery for deposition costs of the plaintiff, of the defendant's representative (the decision-maker as to the plaintiff's termination), and of eleven persons whom the plaintiff identified as having evidence of racial discrimination by the defendant. The defendant in its successful motion for summary judgment utilized all but one of these depositions. (Doc. 39). The lone exception was of an individual the plaintiff identified as supporting her case. Costs of all these depositions are clearly taxable, and the plaintiff makes no argument to the contrary.

Any portion of the cost of a deposition that was incurred "for the convenience of the attorney" rather than being "necessarily obtained for use in the case" is not properly taxable. *Newman v. A. E. Staley Manufacturing Co.*, 648 F.2d 330, 337 (5th Cir. 1981). Likewise, "[c]osts associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable." *Kerns v. Pro-Foam, Inc.*, 2007 WL 2710372 at *3 (S.D. Ala. 2007) (internal quotes omitted). The defendants are thus not entitled to recover $59.00 in shipping costs.

"[W]e hold that, when a party notices a deposition to be recorded by nonstenographic means [including by video], or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996). Absent proof that the deposition was noticed as a video deposition, only the cost of the

stenographic transcript can be allowed.  *Id*. at 465.  The defendant has not submitted the Weston deposition notice, so it has failed to show that it noticed the deposition as a video deposition.  Accordingly, it may not recover the $195.00 videography charge.

The plaintiff raises no other objection to the amount of the deposition costs, and none will be considered.

Subpoena costs are recoverable as costs.  *Haughton v. SunTrust Bank, Inc.*, 403 Fed. Appx. 458, 460 (11th Cir. 2010).  Various courts within the Eleventh Circuit have approved reimbursement under Rule 54(d) and Section 1920 for the cost of serving deposition subpoenas,[1] as have courts elsewhere.[2]  The plaintiff does not deny that such costs are properly awardable, and she does not object to the amount or any portion of it.

The plaintiff does object that she is financially unable to pay costs.  "[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)."  *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc).  The circumstances are "rare" under which financial status is considered, and "a court may not decline to award any costs at all."  *Id*.  Before any reduction in the amount of costs to be awarded may be considered, the Court "should require substantial documentation of a true inability to pay."  *Id*.

The plaintiff has not attained this stringent standard.  As for income, her only documentation of unemployment is her August 2011 deposition, leaving the Court to guess whether she is currently unemployed.  Since she worked four years for the

---

[1] *E.g., Caballero v. Sum Yum Gai, Inc.*, 2011 WL 1675001 at *5 (S.D. Fla. 2011); *Magaldi v. Safeco Insurance Co.*, 2009 WL 1851102 at *6 (S.D. Fla. 2009); *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1315-16 (S.D. Fla. 2009); *Powell v. Carey International, Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008).

[2] *E.g., Burden v. CSX Transportation, Inc.*, 2011 WL 373664 at *21 (S.D. Ill. 2011); *Cohen-Esrey Real Estate Services, Inc. v. Twin City Fire Insurance Co.*, 2011 WL 3608671 at *1 (D. Kan. 2011); *Banga v. First USA, NA*, 2011 WL 941167 at *3 (N.D. Cal. 2011); *Rodriguez v. General Dynamics Armament & Technical Products, Inc.*, 775 F. Supp. 2d 1217, 1223 (D. Haw. 2011).

defendant and obtained new employment after being fired by the defendant, there is no reason to believe she is incapable of holding a job.[3] While the plaintiff's lawyer asserts in her response that she has no assets, there is no documentation to support this fact.[4] Likewise, there is no reference to the plaintiff's debts or lack thereof, and the only reference to her expenses reflects that she pays neither rent nor a mortgage on her dwelling. Without addressing, and providing evidence of, these components of her financial picture, the plaintiff cannot be said to have submitted "substantial documentation of a true inability to pay."

For the reasons set forth above, the defendant's motion to re-tax costs is **granted in part**. The defendant is awarded costs of $6,300.95. To the extent the defendant seeks a greater award, its motion is **denied**.

DONE and ORDERED this 8th day of March, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] As to other income, the plaintiff admittedly receives approximately $1,000 a month in family assistance, child support and Social Security for her daughter.

[4] The plaintiff's response states that she filed this lawsuit in forma pauperis. If that were correct, there would be information on assets in the file, but the plaintiff in fact paid the filing fee at the time her complaint was filed.